**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DE'MONTRAY LARELL WARD,<br><br>Plaintiff,<br><br>v.<br><br>MS. HERNANDEZ, *et al.*,<br><br>Defendants. | No. 4:26-CV-02077<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**NOVEMBER 18, 2026**

Plaintiff De'Montray Larell Ward filed the instant *pro se* civil rights lawsuit, alleging constitutional violations by prison officials at the United States Penitentiary, Allenwood (USP Allenwood), in White Deer, Pennsylvania. He asserts claims for money damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[1] and purports to assert a claim or claims under the Federal Tort Claims Act (FTCA).[2] The Court will dismiss Ward's complaint and grant him leave to amend his FTCA claims only.

## I. BACKGROUND

In July 2026, Ward lodged the instant civil rights lawsuit in this Court.[3] At the time of filing, he was incarcerated at USP Allenwood.[4] Ward has since been

---

1 403 U.S. 388 (1971).
2 28 U.S.C. §§ 1346(b), 2671-2680.
3 *See generally* Doc. 1.
4 *See id.* at 4.

transferred out of USP Allenwood and is currently incarcerated at FCI Atlanta, in Atlanta, Georgia.[5]

Upon initial review of Ward's form complaint, the Court observed that he had checked the box indicating that his lawsuit is a "Negligence Action under the Federal Tort Claims Act (FTCA) . . . against the United States,"[6] yet then asserted that he is suing over two dozen individual prison officials[7] at USP Allenwood for money damages by raising two specific claims: (1) "deliberate indifference to serious medical needs," and (2) "failure to protect."[8] Thus, on September 2, 2026, the Court issued an order in which it explained that such claims are *constitutional* tort claims against individual federal defendants (not the United States) and would implicate an action under *Bivens v. Six Unknown Federal Narcotics Agents*[9] rather than an FTCA action against the United States.[10]

Ward was then given fourteen days to inform the Court in writing whether he intended to bring negligence claims under the FTCA against the United States or to sue individual federal defendants for alleged violations of constitutional rights pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*.[11] The Court further

---

5 *See* Doc. 21.
6 *See* Doc. 1 at 4.
7 *See id.* at 1-3, 5-11.
8 *See id.* at 12, 13, 16. Ward also mentions "retaliation" several times in his complaint. *See id.* at 13, 17.
9 403 U.S. 388 (1971).
10 *See* Doc. 16.
11 *Id.* at 2 ¶ 1.

advised Ward that if no response was submitted, the Court would be constrained to find that he is asserting constitutional tort claims under *Bivens*.[12] That is because Ward "plainly alleges that he is pursuing Eighth Amendment claims for money damages against 26 individual defendants, and no state-law tort claims are mentioned in the complaint such that an FTCA claim would be implicated."[13]

More than three weeks passed but Ward did not respond.[14] Thus, on September 29, 2026, the Court issued a follow-up Order.[15] That Order reiterated what had been explained to Ward in the September 2 Order and gave him an additional ten days to appropriately respond.[16]

On October 19, 2026, the Court received a response from Ward,[17] although this two-sentence filing leaves much to be desired. To wit: in response to being asked whether he intended to bring negligence claims under the FTCA against the United States or to assert *Bivens* claims against individual federal officials, Ward simply states, "The answer to that question is (yes), I am requesting to bring a FTCA [sic] against the United States."[18] Of course, this single-sentence response does not answer the question posed in the Court's prior orders. Nevertheless, the

---

12 *Id.* at 2 ¶ 2.
13 *Id.*
14 Ward avers that he did not receive the September 2 Order. *See* Doc. 22.
15 Doc. 17.
16 *See id.*
17 Doc. 22.
18 *See id.*

Court will endeavor to screen Ward's complaint under 28 U.S.C. § 1915A(a), operating on the assumption that he intends to bring both FTCA and *Bivens* claims.

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[19] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[20] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[21]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[22] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[23] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint,

---

19 *See* 28 U.S.C. § 1915A(a).

20 *Id.* § 1915A(b)(1).

21 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

22 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

23 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[24]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[25] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[26] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[27] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[28] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[29]

Because Ward proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

---

24 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

25 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

26 *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

27 *Id.* (quoting *Iqbal*, 556 U.S. at 679).

28 *Id.* (quoting *Iqbal*, 556 U.S. at 679).

29 *Iqbal*, 556 U.S. at 681.

standards than formal pleadings drafted by lawyers[.]"[30] This is particularly true when the *pro se* litigant, like Ward, is incarcerated.[31]

## III. DISCUSSION

Upon review of Ward's *pro se* complaint, it is clear that dismissal is required. Ward's Eighth Amendment claims[32] represent extensions of *Bivens*, and those extensions are not warranted under the present circumstances. Additionally, Ward does not allege any state-law tort claims that he is asserting against the United States under the FTCA, nor does he plead FTCA jurisdiction.

### A. *Bivens* Claims

In 1971, the Supreme Court of the United States held that, "even absent statutory authorization, it would enforce a damages remedy" to compensate individuals who experienced violations by federal officers of the Fourth Amendment's prohibition against unreasonable searches and seizures.[33] Subsequently, the Court extended the *Bivens* cause of action in two cases involving other types of constitutional violations. First, in *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), the Court held that the Fifth Amendment's Due Process Clause

---

30 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
31 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
32 To the extent that Ward's complaint can be construed as raising a First Amendment retaliation claim against one or more of the named federal Defendants, (*see* Doc. 1 at 13, 17), any such claim is foreclosed by settled law. In 2022, the Supreme Court of the United States explicitly held that "there is no *Bivens* cause of action for [a] First Amendment retaliation claim." *Egbert v. Boule*, 596 U.S. 482, 498-99 (2022).
33 *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017); *Bivens*, 403 U.S. at 397.

provided an implied damages remedy to an administrative assistant claiming that a Congressman had discriminated against her based on gender. Next, the Court concluded that the Eighth Amendment's prohibition on cruel and unusual punishment implied a cause of action for damages against federal prison officials who had failed to provide adequate medical treatment to an asthmatic inmate.[34] "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[35]

Over the years that followed, the Supreme Court has "consistently refused to expand *Bivens* actions beyond these three specific contexts."[36] The Supreme Court has specifically noted that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity."[37]

In *Ziglar v. Abbasi*, the Court provided a "restrictive, two-step framework for courts to follow when analyzing *Bivens* claims."[38] First, courts must determine whether the case presents a "new context," *i.e.*, if it is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court."[39] The Supreme Court has defined "new context" broadly,[40] explaining that "even a modest

---

34 *See Carlson v. Green*, 446 U.S. 14, 16 n.1 (1980).
35 *Abbasi*, 582 U.S. at 131; *see also Egbert v. Boule*, 596 U.S. 482, 492 (2022).
36 *Mack v. Yost*, 968 F.3d 311, 318 (3d Cir. 2020).
37 *Abbasi*, 582 U.S. at 135 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).
38 *Mack*, 968 F.3d at 317.
39 *Id.* (alteration in original) (quoting *Abbasi*, 582 U.S. at 139).
40 *See id.*

[*Bivens*] extension is still an extension."[41] A *Bivens* claim "may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."[42]

If the case presents a new context, courts must then consider whether special factors counsel against extending the *Bivens* remedy.[43] If so, the court must reject the requested extension.[44] The Supreme Court has clarified that courts are required "to ask whether 'the Judiciary *is at least arguably less equipped* than Congress' to weigh the costs and benefits of a damages action."[45] If the court "ha[s] reason to pause before applying *Bivens* in a new context or to a new class of defendants," then special factors counseling hesitation exist.[46] There may be many special factors, but two are "particularly weighty: the availability of an alternative remedial structure and separation-of-powers concerns."[47] Indeed, the United States Court of Appeals for the Third Circuit has held that the existence of an alternative remedial structure—like the Federal Bureau of Prisons' Administrative Remedy Program—is a "special factor" that can create a new context at step one of the two-step analysis.[48]

---

41 *Abassi*, 582 U.S. at 147.

42 *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020).

43 *See Mack*, 968 F.3d at 317 (citing *Abbasi*, 582 U.S. at 136).

44 *See id.* (citing *Hernandez*, 589 U.S. at 102).

45 *Fisher v. Hollingsworth*, 115 F.4th 197, 205 (3d Cir. 2024) (quoting *Egbert*, 596 U.S. at 492).

46 *Hernandez*, 589 U.S. at 102.

47 *Mack*, 968 F.3d at 320 (internal quotation marks omitted).

48 *See Muniz v. United States*, 149 F.4th 256, 263-64 (3d Cir. 2025); *Kalu v. Spaulding*, 113 F.4th 311, 327-28 (3d Cir. 2024). *But see Muniz*, 149 F.4th at 266-67 (Restrepo, J., concurring)

Ward's Eighth Amendment medical indifference and failure-to-protect claims present new *Bivens* contexts. First, neither *Bivens*, *Davis*, nor *Carlson* involved an Eighth Amendment failure-to-protect claim, and thus this claim presents an obvious new context.

Second, although Ward is asserting an Eighth Amendment medical indifference claim like the claim raised in *Carlson*, his facts present a new context. In *Carlson*, an inmate's family sued federal prison officials, alleging the inmate had died from a treatable asthma attack after medical providers failed to give him competent medical attention for eight hours, administered contraindicated drugs that made his asthma attack more severe, and substantially delayed his transfer to an outside hospital.[49] The plaintiff in *Carlson* further alleged that the federal officials' deficient medical care was motivated in part by racial animus.[50]

Ward, on the contrary, asserts that USP Allenwood officials—among other shortcomings—failed to properly treat his fractured right hand.[51] Clearly, the facts in *Carlson* bear little resemblance to the facts of the case at bar, thus presenting a new *Bivens* context. Moreover, even if Ward's ailments, injuries, deficient-treatment allegations, and targeted defendants were identical to those in *Carlson*,

---

(disagreeing with approach taken in *Kalu v. Spaulding* and observing that Seventh, Ninth, and Tenth Circuits consider "alternative remedial structures" only at step two, not as part of step one, which better aligns with the Supreme Court's approach in *Egbert* and *Goldey v. Fields*, 606 U.S. 942 (2025)).

49 *See Carlson*, 446 U.S. at 16 n.1.

50 *See id.*

51 *See* Doc. 1 at 12, 13, 15.

the availability of the BOP's administrative remedy program—which was not in existence when *Carlson* was considered by the Supreme Court—creates a new *Bivens* context here.[52]

The second step in the *Bivens* analysis asks whether special factors counsel against extending the *Bivens* remedy. The Court answers this question in the affirmative. Specifically, a *Bivens* extension is unwarranted here primarily because there are multiple alternative remedies available.

As the Third Circuit has repeatedly noted, the availability of the BOP's administrative remedy program often provides an alternative to a federal *Bivens* lawsuit.[53] Through the administrative remedy process, federal prisoners "can alert the BOP to unconstitutional officer conduct and policies and prevent such constitutional violations from recurring."[54] And even if Ward's attempts to resolve his disputes through the administrative process were ultimately unsuccessful, he had access to at least "some redress," and therefore the Court finds—as in *Mack*—that the BOP's administrative remedy program offers a "convincing reason" to refrain from extending *Bivens* to claims like those raised by Ward.[55]

---

[52] *See Muniz*, 149 F.4th at 263-64; *Kalu*, 113 F.4th at 327-28.

[53] *See Muniz*, 149 F.4th at 264-65; *Dongarra v. Smith*, 27 F.4th 174, 181 (3d Cir. 2022); *Mack*, 968 F.3d at 320-21.

[54] *Mack*, 968 F.3d at 321.

[55] *See id.* (citations omitted); *see also Abbasi*, 582 U.S. at 137 ("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action."); *Muniz*, 149 F.4th at 265 ("At bottom, Muniz's *Bivens* claim fails because an alternative remedy existed and was made available to him.").

Additionally, the possibility of relief under the FTCA—"a statutory scheme for torts committed by federal officers"—"weighs against inferring a new cause of action" under *Bivens*.[56] That remains true even if the FTCA fails to "provide the exact same kind of relief *Bivens* would."[57] In this case, for example, Ward could have asserted state-law medical malpractice claims against the USP Allenwood medical providers under the FTCA.[58]

In sum, Ward's Eighth Amendment claims would extend *Bivens* to new contexts, yet special factors counsel against such an extension. The Court will therefore dismiss with prejudice Ward's *Bivens* claims against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**B. FTCA Claim(s)**

As noted above, Ward insists that he is asserting an FTCA claim or claims against the United States. He has also moved for leave to amend to add the United

---

56 *Oliva v. Nivar*, 973 F.3d 438, 443-44 (5th Cir. 2020); *see also Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018); *Jones v. Bradley*, No. 4:21-CV-00026, 2023 WL 2088430, at *3 (M.D. Pa. Feb. 17, 2023) (Brann, C.J.) (noting that alternative remedy provided by FTCA counsels against *Bivens* extension); *Oliveras v. Basile*, 440 F. Supp. 3d 365, 373 (S.D.N.Y. 2020) (collecting cases).

57 *Oliva*, 973 F.3d at 444 (citing *Minneci v. Pollard*, 565 U.S. 118, 129 (2012)); *see also Xi v. Haugen*, 68 F.4th 824, 837 (3d Cir. 2023) (noting that "an alternative remedy need not provide 'complete relief' or be as 'effective as an individual damages remedy' to foreclose *Bivens* relief" (quoting *Egbert*, 596 U.S. at 493, 498)).

58 *See, e.g.*, *Wilson v. United States*, 79 F.4th 312, 315 (3d Cir. 2023) (discussing FTCA claim of medical malpractice under Pennsylvania law raised by detainee in federal detention center).

States as a defendant.[59] However, Ward does not plead jurisdiction for his FTCA claims, nor does he allege an underlying state-law tort.

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment."[60] "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'"[61]

Initially, the Court observes that Ward's complaint does not plead any state-law tort that he is purportedly asserting under the FTCA. Rather, he explicitly alleges that he is raising two Eighth Amendment *constitutional* tort claims (deliberate indifference to serious medical needs and failure to protect) and potentially a third constitutional claim of First Amendment retaliation. Without asserting an underlying state-law tort claim, Ward has failed to plausibly allege a claim under the FTCA.

---

[59] *See* Doc. 9.

[60] *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018); *see also* 28 U.S.C. § 1346(b)(1).

[61] *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361-62 (3d Cir. 2001) (quoting *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996)).

Additionally, Ward has failed to plead jurisdiction for his purported FTCA claim, as required by Federal Rule of Civil Procedure 8.[62] That is, Ward has not alleged that he exhausted administrative remedies for his FTCA claim by first presenting the claim to the appropriate federal agency and receiving a final written denial from that agency.[63] To be sure, administrative exhaustion is generally an affirmative defense, not a pleading requirement.[64] However, because exhaustion through the appropriate federal agency before filing suit is *jurisdictional* for FTCA claims and cannot be waived,[65] a plaintiff "must . . . plead administrative exhaustion in an FTCA case."[66] Ward provides no short and plain statement of this Court's jurisdiction for any FTCA claim he is attempting to assert. For both of the foregoing reasons, the Court will dismiss Ward's purported claim under the FTCA.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless

---

62 *See* FED. R. CIV. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction").

63 *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]").

64 *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

65 *See Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

66 *Guilford v. FCI Williamsburg*, No. 22-cv-1945, 2022 WL 2192945, at *2 (E.D. Pa. June 16, 2022) (alteration in original) (quoting *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011)).

amendment would be inequitable or futile."[67] Here, partial leave to amend will be granted. Ward's *Bivens* claims will be dismissed with prejudice, as amendment of those claims would be futile.[68] Ward seeks extensions of *Bivens* that are both judicially disfavored and unwarranted under the circumstances. The Court will grant leave for Ward to amend his FTCA claim or claims.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Ward's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim for relief. Leave to amend any FTCA claim will be granted. An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
Chief United States District Judge

---

67 *Grayson*, 293 F.3d at 114.

68 *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").